# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Michael H. Lind and Mary C. Lind, | ) |
|                       Plaintiffs, | ) |
| v. | )   Case No. 18-3125 |
| Linda T. McKinney, <br> Thomas W. Cline, <br> John James Garrabrant, <br> Darrin Reed, <br> Becki Strong, <br> Jackie Jones <br> and others unknown to <br> plaintiffs at this time, | ) |
|                       Defendants. | ) |

## ANSWER TO PETITION AND COUNTERCLAIM FOR ABUSE OF PROCESS

**COMES NOW** defendant, Thomas W. Cline, by and through counsel, Keck & Austin, L.L.C., and for his Answer To plaintiffs' Petition and Counterclaim for Abuse of Process states:

### Statement of the Case

Defendant denies the allegations contained in the Statement of the Case.

### Jurisdiction

1. Defendant is without sufficient information to form a belief as to the truth or falsities of the allegations contained in paragraphs 1-7 and therefore denies same.

### Parties

8. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 and therefore denies same.

9. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 9 and therefore denies same.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 and therefore denies same.

15. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 and therefore denies same.

16. Defendant denies the allegations contained in paragraph 16.

## Facts

17. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 17 and therefore denies same.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 and therefore denies same.

20. Defendant admits this is a partial description of the referenced report, but is without sufficient information to form a belief as to the truth or falsity and denies each and every allegation not specifically admitted.

21. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 and therefore denies same.

22. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 22 and therefore denies same.

23. Defendant is without sufficient information to form a belief as to the truth or falsity

of the allegations contained in paragraph 23 and therefore denies same.

24. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 and therefore denies same.

25. Defendant denies the allegations contained in paragraph 25.

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in footnote 1 regarding paragraph 25 on page 5 of plaintiffs' petition and therefore denies same.

26. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and therefore denies same.

27. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 27 and therefore deny same.

28. Defendant are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 28 and therefore denies same.

29. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 29 and therefore denies same.

30. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 30 and therefore denies same.

31. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31 and therefore denies same.

32. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 32 and therefore denies same.

33. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 33 and therefore denies same.

34. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 34 and therefore denies same.

35. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 35 and therefore denies same.

36. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 36 and therefore denies same.

37. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 37 and therefore denies same.

38. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 38 and therefore denies same.

39. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 39 and therefore denies same.

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in footnote 2 immediately following paragraph 39 on page 7 of plaintiffs' petition and therefore denies same.

40. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 40 and therefore denies same.

41. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 41 and therefore denies same.

42. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 42 and therefore denies same.

43. Defendant denies the allegations contained in paragraph 43.

Defendant is without sufficient information to form a belief as to the truth or falsity of the

allegations contained in footnote 3 immediately following paragraph 43 on page 8 of plaintiffs' petition and therefore denies same.

## LEGAL CLAIMS

### First Cause of Action
### False Arrest and Conspiracy Against All Defendants
### 42 U.S.C. §1983

44. Defendant adopts herein by reference all of hisr answers contained in paragraphs 1-43 of plaintiffs' petition and deny the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

### Second Cause of Action

### State Tort of False Arrest
### Against All Defendants
### 28 U.S.C. §1367 (a)

46. Defendant adopts herein by reference all of his answers contained in paragraphs 1-45 of plaintiffs' petition and denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

### Third Cause of Action

### RICO
### Against All Defendants
### 18 U.S. C. § 1964

49-53. Defendant adopts herein by reference all of his answers contained in paragraphs 1-48 of plaintiffs' petition and moves to strike paragraphs 49-53 as argumentative and calling for legal conclusions.

### Fourth Cause of Action

### Civil Conspiracy
### Against All Defendants
### 28 U.S.C. §1367 (a)

54. Defendant adopts herein by reference all of his answers contained in paragraphs 1-53 of plaintiffs' petition and denies the allegations contained in paragraph 54 and moves to strike as paragraph 54 calls for a legal conclusion.

### Fifth Cause of Action

### Malicious Prosecution
### Against All Defendants
### 28 U.S.C. § 1367 (a)

55. Defendant adopts herein by reference all of his answers contained in paragraphs 1-54 of plaintiffs' petition and denies the allegations contained in paragraph 55 and moves to strike as paragraph 55 calls for a legal conclusion.

56. Defendant denies the allegations contained in paragraph 56 and moves to strike as paragraph 56 calls for a legal conclusion.

### Sixth Cause of Action

### Access to Federal Grand Jury
### Rule 6(a) of the Federal Rules of Criminal Procedure

57. Defendant adopts herein by reference all of his answers contained in paragraphs 1-56 of plaintiffs' petition and denies the allegations contained in paragraph 57.

58. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 58 and therefore denies same and further state it is unclear what, if any, allegations are alleging against this defendant therein and calls for a legal conclusion.

59. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 59 and therefore denies same and further state it is unclear

what, if any, allegations are alleging against this defendant therein and calls for a legal conclusion.

60. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 59 and therefore denies same and further state it is unclear what, if any, allegations are alleging against this defendant therein. Further defendant moves to strike paragraph 60 as argumentative and calls for a legal conclusion.

61. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 61 and therefore denies same and further state it is unclear what, if any, allegations are alleging against this defendant therein and calls for a legal conclusion.

**Relief Requested**

1. Defendant requests a trial by jury.

2. Defendant admits compensatory damages be determined by a jury, but denies plaintiffs suffered compensatory damages.

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant admits nominal damages be determined by a jury, but denies plaintiffs suffered any amount of damage.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the request contained in paragraph 7.

8. Defendant denies the request contained in paragraph 8.

9. Defendant denies the request in paragraph 9.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses:

1. Defendant affirmatively states that the petition herein fails to state a claim upon

which relief can be granted.

2. Defendant affirmatively states that plaintiffs have failed to mitigate their damages.

3. Defendant asserts that the public duty rule, granting immunity to public and governmental officials is applicable to each and every action set forth in the complaint of plaintiff and that plaintiff is barred from asserting, pursuing and obtaining recovery on said actions, defendants are employees, elected officials or judicial officials of Ozark County, Missouri and Ozark County, Missouri is a public entity.

4. Defendant affirmatively states that it is a governmental entity, therefore, the doctrine of sovereign or governmental immunity is applicable to defendant, the actions asserted by plaintiffs failing to fall within the provisions of Section 71.185, RSMo., the provisions thereof made a part hereof by reference, therefore, plaintiffs are barred from further asserting the actions stated and from obtaining any judgment recovery thereon against defendant.

5. Defendant is an employee of Ozark County, MO, and Ozark County is a governmental entity and the actions asserted by plaintiffs failing to fall within provisions of Section 537.600 RSMo., the provisions thereof made a part hereof by reference, therefore, plaintiffs are barred from further asserting the actions stated and from obtaining any judgment recovery thereon against defendant.

6. Defendant affirmatively states that this complaint and all claims made against him is without merit, frivolous and constitute malicious prosecution and defendant requests his attorneys' fees and costs.

7. Defendant affirmatively states that punitive or exemplary damages are not recoverable under any facts plead herein, including against any public entity.

8. Defendant asserts he should prevail on any of the claims brought by Plaintiff,

Defendant is entitled to reasonable costs and attorney fees incurred herein pursuant to 42 U.S.C. §1988 (b).

9. Defendant is an official or judicial official and immune from plaintiffs' claims.

10. To the extent that Plaintiffs claim punitive damages, Defendant avers that, under Missouri law, punitive damages can only be assessed as punishment and such damages are, therefore, criminal or quasi-criminal in nature; and that with respect to the claims for punitive damages set forth in Plaintiffs' Complaint, Defendant avers:

a. That if the burden of proof required for believing propositions entitled plaintiff to an award of punitive damages is set forth in Missouri Federal instructions (or the equivalent thereof), this submission and award for punitive damages will be unconstitutional, null and void, in that such burden of proof being less than proof beyond a reasonable doubt, violates the provisions of Amendments V and VI, Section 1 of Amendment XIV, Constitution of the United states.

b. That if an award of punitive damages is made on the basis of allegations contained in plaintiff's Complaint, that the submission and award of punitive damages will be unconstitutional, null and void, that said allegations do not satisfy the requirement of Amendment VI, Constitution of the United States, that defendant be informed of the "nature and cause of an accusation."

c. That, if an award of punitive damages is made on the basis (or in part on the basis) of the language found in the Federal instructions, or the equivalent, then the submission and award of punitive damages will be of the provision of Amendments V and VI, Section One of Amendment XIV, the Constitution of the United States.

d. That, if evidence is admitted in this civil action as an involuntary admission of or by defendant(s), the submission and award of punitive damages will be unconstitutional, null and void, in violation of the provisions of Amendment unconstitutional, null and void, in violation of the provisions of Amendment V, Constitution of the United States. Providing that no person all be compelled to be a witness against himself, and in violation of the provisions of Section One and Amendment XIV, Constitution of the United States.

e. That, if an award of punitive damages is made on the basis of instructions, the submission and award of punitive damages will be unconstitutional, null and void, in violation of Amendments V and XIV, Constitution of the United States granting each person " equal protection of the laws" and that no standards are stated for fixing such damages, nor are such damages required to bear any relation to actual damages, degree of wrong doing or any other standard by reason of which the jury is invited and authorized to punish on the basis of wealth, affluence or net worth.

f. That, an award of punitive damages herein would be unconstitutional, null and void, in violation of Sections 10, 19(a), and 22(a), Article I, Constitution of 1945 of the State of Missouri as amended.

g. That, because of lack of safeguards, lack of standards for fixing such damages, lack of relationship between the wrongdoing and damages sustained, this defendant would be denied due process of law if M.A.I. civil instructions, or the equivalent, are utilized in the trial of this matter and as a result violates Amendment XIV of the United States Constitution, Section 10, Article 1 of the Constitution of the State of Missouri.

11. Defendant reserve the right to assert any affirmative defenses allowed pursuant to Rule 55.08.

**WHEREFORE**, Defendant having answered to the actions stated in the Petition pray to be discharged therefrom or, in the alternative, if Plaintiffs are entitled to recover damages against Defendant, that such damages be apportioned on the fault found by the triers of fact and apportioned to Plaintiffs and Defendant and that such damages be reduced on the basis of fault of Plaintiffs in being dismissed from his position, percentage thereof, found and allocated to Plaintiffs.

## COUNTERCLAIM
## ABUSE OF PROCESS

**COMES NOW,** the Counterclaimant, Thomas W. Cline, by and through his attorneys of record, Keck & Austin, LLC., and for his Counterclaim states:

1. Counterclaim Defendants filed a false, slanderous and misleading action against Counterclaimant in their April 12, 2018 Complaint filed in this Court.

2. Counterclaim Defendants' use of process in this matter places Counterclaim Plaintiffs' in a false light and is false, slanderous and misleading and is used to accomplish ends which are outside the regular purview of the process as plead in Counterclaim Defendants' Complaint.

3. Counterclaim Defendants' use of process against Counterclaimant as plead in their April 12, 2018 is for an improper and perverted use of process, which is neither warranted nor authorized by the process, and in the following respects, at the time process was filed, Counterclaim Defendants had an improper purpose in exercising such perverted or improper use of process:

    a. to harass Counterclaimant for exercising his obligations as a public official; and/or

  b. to discourage public officials from exercising their proper duties and do Counterclaim Defendants bidding; and/or

  c. to threaten Counterclaimant by going generating media and coverage of false allegations and making false allegations and then claiming those allegations are supported by the claims made herein; and/or

  d. in using the process to embarrass, humiliate and cause Counterclaimant emotional distress, and harm to his reputation in this improper and perverted use of process.

4. Counterclaim Defendants' use of process as stated above is willful, and maliciously done in bad faith for a vexatious purpose, and not legal, proper, unwarranted, or authorized by law.

5. Counterclaimant has been damaged by Counterclaim Defendants' actions in the need to retain counsel, costs of the action, and other fair and reasonable expenditures and injuries to his names and professional reputation.

6. Counterclaim Defendants' actions as described above were willful, malicious, intentional and done in conscious disregard for Counterclaimant's rights; Counterclaimant Plaintiffs are, therefore, entitled to punitive damages in such sum as will serve to punish Counterclaim Defendants for their conduct described herein and deter Counterclaim Defendants and others from like conduct in the future.

Wherefore, Counterclaimant hereby prays that this Court enter judgment in his favor against Michael Lind and Mary Lind for actual and punitive damages in an amount which is fair and reasonable, to be proved at trial, for costs of this action and for such other and further relief as this Court deems just and proper.

                **KECK & AUSTIN, L.L.C.**
                  */s/ Damon S. Phillips*
By_____
                Patricia A. Keck #42811
                Damon S. Phillips #52901
                3140 E. Division
                Springfield, MO  65802
                PH (417) 890-8989
                Fax (417) 890-8990
                Attorney for Defendants McKinney, Cline, Garrabrant, Reed

## **CERTIFICATE OF MAILING**

      The undersigned hereby certifies that a true and accurate copy of the foregoing Answer and Counterclaim Abuse of Process was transmitted via ECF filing and mailed, postage prepaid, this <u>20th</u> day of June, 2018, to:

Michael and Mary Lind
1850 Liberty Lane
Thornfield, MO  65762
lindsforliberty@gmail.com

                */s/ Damon S. Phillips*
              _____
                Patricia A. Keck
                Damon S. Phillips