# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL H. LIND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-3125-CV-S-SRB |
| | ) | |
| LINDA T. MCKINNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is *pro se* Plaintiffs' Motion to Recuse with Affidavit in Support. (Doc. #35). The motion is DENIED. On July 23, 2018, this Court ordered Plaintiffs to show cause why their Complaint should not be dismissed under Rule 8(a) or to file an amended complaint. In the show cause order this Court identified numerous factual deficiencies in Plaintiffs' pleading and noted that Plaintiffs' amended complaint may be subject to an immunity analysis. Plaintiffs filed an amended complaint and the instant motion on August 6, 2018.

In the instant motion Plaintiffs request the undersigned recuse himself from this action for "bias and prejudice." (Doc. #35, p. 1). Plaintiffs predict they are "well-aware of the type of 'thorough and well-reasoned opinion' they are going to get from this Court." (Doc. #35, p. 2). In their affidavit Plaintiffs complain of the undersigned's political activities prior to assuming the bench. They recite Senator Chuck Grassley's floor statement during the undersigned's confirmation process as evidence of present bias. Plaintiffs argue the undersigned's prior involvement in Democratic politics could result in animosity toward Plaintiff Michael Lind, a former Republican candidate for state office. Defendants oppose the motion on the basis that Plaintiffs' arguments "cannot form the basis for recusal." (Doc. #39, p. 2). Plaintiffs reply was

due on September 7, 2018, but to date Plaintiffs have not filed a reply. The motion is ripe for consideration.

28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general language of 28 U.S.C. § 455(a) was designed to promote public confidence in the integrity of the judicial process by adopting an objective test for deciding whether a judge should recuse or be disqualified. *United States v. Harris*, No. 11-00038-01-CR-W-GAF, 2012 WL 693006, at *3 (W.D. Mo. Jan. 24, 2012), report and recommendation adopted, No. 11-00038-01-CR-W-GAF, 2012 WL 693032 (W.D. Mo. Feb. 29, 2012). Judges are presumed to be impartial unless the party seeking recusal proves otherwise. *Shaw v. Int'l Bus. Machines Corp.*, No. 2:14-CV-04236-NKL, 2016 WL 123430, at *1 (W.D. Mo. Jan. 11, 2016), *aff'd* (May 2, 2016).

The test for recusal or disqualification in the Eighth Circuit is as follows: "whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" *Id.* (citing *Tyler v. Purkett,* 413 F.3d 696, 704 (8th Cir. 2005)). The movant's "allegations [must] meet the substantial showing necessary to establish a clear and indisputable right to recusal and a nondiscretionary duty on the district judge to disqualify himself." *Id.* (citing *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996)).

In the present case an average person would not reasonably question the Court's impartiality. The claims at issue in this case are false arrest, conspiracy, and malicious prosecution. The undersigned's political activities prior to assuming the bench have no bearing on the claims at issue.

Plaintiffs also argue that the federal judge in Springfield, Missouri should preside over their case. According to Plaintiffs, "[t]he only discernable reason that the Honorable Stephen R. Bough is assigned to Plaintiffs' action is that the Western District of Missouri is using the Kansas City Office of the Honorable Stephen R. Bough as a 'dumping-ground' for pro se litigants [sic] lawsuits." (Doc. #35-1, p. 1). This is untrue. The above-captioned case is part of the Springfield, Missouri draw. To assist with the workload, several Kansas City judges are designated to hear cases in Springfield, Missouri. Pursuant to Local Rule 83.9, "the assignment of newly filed criminal and civil matters shall be by blind draw among the qualified judges." The above-captioned case was assigned to the undersigned as part of the blind draw.

For the above stated reasons, Plaintiffs' Motion to Recuse with Affidavit in Support (Doc. #35) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 13, 2018