# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL H. LIND, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 18-cv-03125-SRB |
| LINDA T. MCKINNEY, et al., | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiffs' Motion to Vacate Judgment. (Doc. #149). The motion is DENIED.

*Pro se* Plaintiffs Michael Lind and Mary Lind ask the Court to grant them relief from the summary judgment orders this Court entered in Defendants' favor and to grant them relief from the subsequent Judgment. Plaintiffs state their motion to vacate is based on Federal Rule of Civil Procedure 60(b). (Doc. #149, p. 1). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiffs do not identify on which Rule 60(b) subpart their motion is based. The Court construes Plaintiffs' motion as based on either Rule 60(b)(1) or Rule 60(b)(6). Neither provision entitles Plaintiffs to relief from the summary judgment orders or Judgment in this case.

Plaintiffs argue the Court erred in its summary judgment orders and subsequent Judgment by not ruling on the constitutionality of Mo. Rev. Stat. § 565.084. Plaintiffs argue, "Neither the Orders (Docs. #142 and #143) of this Court granting the motions for summary judgment by Defendants nor the CLERK'S JUDGMENT (Doc. #144) make any reference whatsoever to either Plaintiffs' challenge of the constitutionality of RSMo §565.084 or the part of RSMo §565.084 that is being challenged." (Doc. #149, ¶ 15). Plaintiffs further argue, "No ruling and Order or final Judgment entered in this case by this Court has held the above referenced part of RSMo §565.084, which is challenged by Plaintiffs to be either constitutional or unconstitutional." (Doc. # 149, ¶ 16). Plaintiffs admit that in this litigation they first raised the issue of § 565.084's constitutionality in their oppositions to the two summary judgment motions. (Doc. #149, ¶ 7). Neither Plaintiffs' original nor amended complaint called into question § 565.084's constitutionality.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks and citation omitted). The Eighth Circuit "has not allowed relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence." *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980) (citations omitted). A claimed error in a court's legal analysis and legal conclusions is not redressable under Rule 60(b)(1). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 169-70 (8th Cir. 1988). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and

have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871 (citation omitted).

The Court's summary judgment orders were primarily based on findings that Defendants were entitled to various immunity protections. The Court's summary judgment orders did not specifically address Plaintiffs' constitutionality argument, which again was raised for the first time in Plaintiffs' briefs in opposition to the motions for summary judgment, but Plaintiffs did not then and have not now identified for the Court how a present declaration of § 565.084's constitutionality would impact an immunity analysis that is based on conduct and circumstances that occurred in the past. The Court thoroughly considered all the parties' briefing including Plaintiffs' constitutionality argument in issuing its summary judgment orders. Plaintiffs' claimed error that the Court did not decide whether § 565.084 is constitutional is based on the Court's legal analysis and is not based on judicial inadvertence. Plaintiffs' claimed error, therefore, is not redressable under Rule 60(b)(1).

Plaintiffs' claimed error is also not redressable under Rule 60(b)(6). Plaintiffs had a full and fair opportunity to litigate this case, and they do not argue otherwise.

Accordingly, Plaintiffs' Motion to Vacate Judgment (Doc. #149) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

DATE: October 30, 2019